PEDRO VELAZQUEZ, demandante y apelante, *v.* El MUNICIPIO DE LAS PIEDRAS, demandado y apelado.

No. 4130.—*Visto:* Abril 28, 1927. *Resuelto:* Mayo 31, 1927.

1. CONTRATOS—REQUISITOS Y VALIDEZ—CAUSA O CONSIDERACIÓN—CAUSAS SUFICIENTES Y BUENAS PARA UN CONTRATO—PROMESAS—PAGO DE COMPENSACIÓN POR DAÑOS QUE SE OCASIONEN—CONTRATO DE SERVIDUMBRE.—La promesa de un alcalde, en su capacidad oficial como representante del municipio, de pagar una compensación razonable por los daños que se ocasionen a las tierras de una persona como resultado de la construcción de un acueducto en ella, es una buena y suficiente causa para un contrato de servidumbre.

2. CONTRATOS—REQUISITOS Y VALIDEZ—CAUSA O CONSIDERACIÓN—CAUSAS SUFI-
    CIENTES Y BUENAS PARA UN CONTRATO—PROMESAS—EN GENERAL—CONTRATO
    DE SERVIDUMBRE.—Constituida servidumbre a favor de un municipio para
    la construcción de un acueducto en tierras de una persona, la indicación de
    un alcalde de que éste recibiría una cantidad y se haría un convenio al efecto
    de que se harían las conexiones para suministrarle agua del acueducto, cons-
    tituye causa buena y suficiente para el contrato.
3. CONTRATOS—RESCISIÓN Y ABANDONO—ACCIÓN PARA ANULAR O RESCINDIR—APE-
    LACIÓN—RESOLUCIÓN Y DISPOSICIÓN DEL CASO—CONFIRMACIÓN.—Entablada
    acción para anular un contrato bajo la teoría de ser nulo *ab initio* por falta
    de causa, cuando las alegaciones y las pruebas demuestran la existencia de
    causa para el mismo y no se solicita su cumplimiento específico ni daños
    por su quebrantamiento, procede confirmar la sentencia que declaró sin lugar
    la acción mencionada.

SENTENCIA de *Gabriel Castejón,* J. (Humacao), declarando sin lu-
    gar la demanda, sin costas. *Confirmada.*

*Luis Pereyó* y *González Fagundo & González Jr.,* abogados del ape-
    lante; *Arturo Aponte,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del
    tribunal.

El apelante compareció ante un notario, y en consideración
a la suma de un dólar ($1.00) que reconoció haber recibido
antes de la fecha de tal comparecencia, procedió a constituir
una servidumbre a favor del Municipio de Las Piedras para
la construcción de un acueducto en las tierras de dicho ape-
lante. Después que el trabajo de instalar el acueducto hubo
terminado, el apelante entabló una acción para ver de obtener
la nulidad de la escritura, por falta de causa.

[1] La demanda alega que el demandante en realidad
nunca ha recibido la cantidad de un dólar que se expresa en
la escritura. Pero alega además que el alcalde, en su capa-
cidad oficial como representante del municipio, convino en
pagarle al demandante una compensación razonable por los
daños que se ocasionaran a las tierras en cuestión como re-
sultado de la construcción del acueducto. Esa promesa era
una causa buena y suficiente para el contrato.

[2] La prueba del demandante tendió a establecer el hecho
de la existencia de una indicación de parte del alcalde en el
sentido de que el demandante recibiría unos cuatro o qui-

nientos dólares, y que se haría un convenio algo más definido al efecto de que se harían las conexiones necesarias para suministrarle agua del acueducto al demandante. Esto también constituiría una causa buena y suficiente para el contrato.

[3] No se solicita el cumplimiento específico, ni indemnización alguna por los daños irrogados con motivo del quebramiento de un contrato existente. La demanda, así como el alegato para sostener la apelación, se basan completamente sobre la teoría de un convenio nulo *ab initio* por falta de causa.

*Debe confirmarse la sentencia apelada.*